FILED
United States Court of Appeals
Tenth Circuit

June 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RYAN MARTIN WONDERLY,

      Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

      Respondent - Appellee.

No. 10-6282

(W.D. Oklahoma)

(D.C. No. 5:09-CV-01138-D)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY***

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner and appellant, Ryan Martin Wonderly, seeks a certificate of appealability ("COA") to enable him to appeal the denial of his 28 U.S.C. § 2254 petition for habeas relief. For the following reasons, we conclude that he does

---

*This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not satisfy the requirements for issuance of a COA, and we therefore decline to grant one and dismiss this matter.

## BACKGROUND

Mr. Wonderly pled guilty, pursuant to <u>Alford</u> pleas, to four counts of rape in the first degree by instrumentation and ten counts of indecent or lewd acts with a child under sixteen years of age.[1]  He was sentenced to thirty-five years' imprisonment on each of the rape charges, to be served concurrently, and twenty years' imprisonment on each indecent or lewd acts charges, all of which were suspended and ordered to run consecutively to the rape sentences.

Mr. Wonderly subsequently moved to withdraw his pleas, which the court denied, and the Oklahoma Court of Criminal Appeals ("OCCA") denied his petition for a writ of certiorari.  <u>State v. Wonderly</u>, No. CF-2004-595 (Aug. 31, 2005); No. C-2005-834 (June 8, 2007).  Mr. Wonderly then applied to the trial court for post-conviction relief, which was denied.  Mr. Wonderly appealed the denial to the OCCA, which affirmed the trial court's decision.

---

[1]An <u>Alford</u> plea, or a plea of nolo contendere, is "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." <u>North Carolina v. Alford</u>, 400 U.S. 25, 35 (1970); <u>see also</u> <u>United States v. Buonocore</u>, 416 F.3d 1124, 1128 n.2 (10th Cir. 2005) ("An 'Alford' plea, named after the Supreme Court's decision in <u>North Carolina v. Alford</u>, is a plea denominated as a guilty plea but accompanied by protestations of innocence.").

Mr. Wonderly then filed the instant petition.  He argued: (1) the trial judge "unconstitutionally coerced him into entering his pleas" in violation of his due process rights; (2) trial counsel was ineffective in failing to seek the trial judge's recusal and in failing to argue in his motion to withdraw his guilty pleas that his counsel had advised him incorrectly with respect to the 85% rule; (3) appellate counsel was ineffective for failing to "develop and present the full evidence showing the coercive statements of [the trial judge]" and for failing "to raise the issue that [counsel's] bad advice regarding the applicability of the 85% rule rendered his guilty pleas involuntary;" and (4) he is actually innocent of the crimes of conviction.  See Petition at 14, 16-20, 29-30, R. Vol. 1 at 22, 24-28, 37-38.[2]  Additionally, relying on dissenting opinions from four other circuits, Mr. Wonderly argued that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides a deferential review by federal courts of state court decisions, is unconstitutional as a violation of the doctrine of separation of powers between the legislative and judicial branches of government.

The district court referred the matter to a magistrate judge who, in a thirty-page Report and Recommendation, recommended that the petition be denied.  Mr. Wonderly objected to the Report and Recommendation.  The district court accordingly reviewed the case de novo.  The district court noted that the

_____

[2]The 85% rule provides that, for certain crimes in Oklahoma, a prisoner must serve 85% of his sentence before he is eligible for parole.  See Okla. Stat. tit. 21, § 12.1; 13.1.  This rule became effective on March 1, 2000.

magistrate judge carefully and thoroughly examined each of Mr. Wonderly's claims, and the court examined Mr. Wonderly's objections as well. The court adopted the Report and Recommendation in whole, and denied Mr. Wonderly's request for habeas relief. The district court also denied a COA. This request for a COA followed.

**DISCUSSION**

To obtain a COA, Mr. Wonderly must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484 (further quotation omitted). Thus, when the district court has ruled on the merits of the petitioner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court began its analysis by setting out the appropriate standard for review of state court decisions under AEDPA.[3] Thus, under AEDPA, when a petitioner has had a claim adjudicated in state court he may obtain federal review of the claim only if he can show the state decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402; Bunton v. Atherton, 613 F.3d 973, 977-78 (10th Cir. 2010), cert. denied, 131 S. Ct. 1783 (2011). When the state court applies the correct law to deny relief, a federal habeas court may only consider whether the state court applied the federal law in an objectively reasonable manner. Bunton, 613 F.3d at 978-79. Finally, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The district court began by rejecting Mr. Wonderly's argument that AEDPA is unconstitutional. As the district court observed, our court routinely applies AEDPA, and we have never held it to be unconstitutional. The vast majority of other federal courts are in agreement with us. Mr. Wonderly has not

___

[3]We refer to the "district court" rather than the "magistrate judge" because the district court adopted the Report and Recommendation in toto, making it, in effect, its own ruling.

made a substantial showing of the denial of any constitutional right with respect to that issue.

We find the same with respect to all the other issues raised. The district court carefully examined each claim in light of the AEDPA requirements, rendering a thorough and thoughtful thirty-page decision. No jurist of reason would question the correctness of the district court's decision.[4] Accordingly, we deny a COA and dismiss this matter.

**CONCLUSION**

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[4]With respect to the ineffective assistance of counsel claims, we accord the state court's decision double deference. See Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009); see also Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011).